# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN MCDUFFIE,
> Appellant,

v.

DEPARTMENT OF HOMELAND
> SECURITY,
>> Agency.

DOCKET NUMBER
SF-3443-15-0659-I-1

DATE: January 28, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Henry E. Leinen</u>, Pacific Grove, California, for the appellant.

<u>Kenneth Sogabe</u>, San Francisco, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant filed an appeal alleging that the agency committed a prohibited personnel practice when it failed to restore him to his prior assignment as a Supervisory Customs and Border Protection (CBP) Officer in Dublin, Ireland. The record reflects that, from October 22, 2012, until December 14, 2013, the appellant was assigned to work in Dublin, Ireland, in the position of Supervisory CBP Officer. Initial Appeal File (IAF), Tab 1. While stationed in Ireland, the appellant was diagnosed with a form of Lymphoma. Upon obtaining the diagnosis, the appellant was reassigned first to Washington, D.C., and then to San Francisco, California, to obtain medical treatment. *Id.* After completing his treatment, the appellant applied for a Supervisory CBP Officer position in Dublin, Ireland, but was deemed ineligible because the agency requires employees to work in the United States 5 years before returning to an overseas assignment. IAF, Tab 3. On May 11, 2015, the appellant was medically cleared for worldwide assignment, and on June 10, 2015, he was deemed fully fit for duty as a Supervisory CBP Officer with no restrictions or limitations and he was ordered to immediately report to the Port of San Francisco. IAF, Tab 1. The appellant filed this appeal with the Board on June 26, 2015. *Id.*

¶3　　　Because it appeared that the Board did not have jurisdiction over this appeal, the administrative judge issued an acknowledgment order, which advised the appellant of what was necessary to establish jurisdiction and it directed him to provide evidence and argument proving Board jurisdiction.　IAF, Tab 2.　In response, the appellant asserted that the Board has jurisdiction over the agency's prohibited personnel practice of failure to restore him to his prior assignment in Dublin, Ireland, pursuant to 5 U.S.C. § 2302.　IAF, Tab 6.　The agency moved to dismiss the appeal for lack of jurisdiction.　IAF, Tab 5.

¶4　　　The administrative judge found that the agency's nonselection or failure to reassign is not an adverse action for which the Board has jurisdiction.　IAF, Tab 8, Initial Decision (ID) at 4.　The administrative judge found further that, without an otherwise appealable action, the Board does not have jurisdiction over the appellant's discrimination claim or his claim that he was subjected to a prohibited personnel practice when the agency failed to restore him to his prior duty station after his medical condition resolved.　*Id*.　Accordingly, the administrative judge granted the agency's motion and dismissed the appeal for lack of jurisdiction.　ID at 5.

¶5　　　On review, the appellant argues for the first time that he was entitled to be returned to his assignment in Dublin under the Family and Medical Leave Act of 1993 (FMLA).　Because the appellant has made no showing that this argument is based on new and material evidence not previously available despite his due diligence, we need not consider it.　*See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).[2]

---

[2] In any event, this argument does not provide a basis for disturbing the initial decision. The Board adjudicates claims that an agency failed to comply with the terms of the FMLA in leave-related disciplinary action appeals.　*Lua v. U.S. Postal Service*, 87 M.S.P.R. 647, ¶ 12 (2001).　The administrative judge properly found that the Board lacks jurisdiction over the agency's nonselection or failure to reassign.　ID at 4.　Thus, no further action is required regarding the appellant's FMLA claim.　*See Lua*, 87 M.S.P.R. 647, ¶ 12.

¶6    To the extent the appellant also reasserts his allegation that the agency committed a prohibited personnel practice when it failed to restore him to his prior duty station after his medical condition resolved, because the Board does not have jurisdiction over the underlying claim, the Board has no jurisdiction to adjudicate these remaining claims.  *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982) (stating 5 U.S.C. § 2302(b) is not an independent source of Board jurisdiction); *Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (finding that, in the absence of an otherwise appealable action, the Board lacks jurisdiction over claims of harmful error, prohibited personnel practices, and the agency's alleged failure to comply with regulations).

¶7    Finally, the appellant appears to challenge the administrative judge's finding that there is no evidence in the record that he sustained an on-the-job compensable injury for which he might have restoration rights pursuant to 5 U.S.C. § 8151 and 5 C.F.R. part 353.  ID at 3 n.2.  The appellant asserts that because he was "involuntarily reassigned" for medical reasons, he is "under the assumption that the illness was work related."  However, a "compensable injury" is a medical condition accepted by the Office of Workers' Compensation Programs to be job-related and for which medical or monetary benefits are payable from the Employees' Compensation Fund.  *See Mobley v. U.S. Postal Service*, 86 M.S.P.R. 161, ¶ 6 (2000).  To have any restoration rights under 5 C.F.R. part 353 based on a compensable injury, an individual must first establish that he was "separated or furloughed from an appointment without time limitation . . . as a result of a compensable injury."  5 C.F.R. § 353.103(b).  Thus, the right of restoration applies only to those employees who suffer from a compensable injury.  *Brooks v. U.S. Postal Service*, 26 M.S.P.R. 217, 219 (1985).  In this case, there is no evidence that the appellant sustained an on-the-job compensable injury for which he might have restoration rights pursuant

to 5 U.S.C. § 8151 and 5 C.F.R. part 353. Accordingly, the appellant has provided no basis upon which to disturb the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal

Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____

                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.